IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| DANIEL LEE LEDFORD, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| VS. | : NO. 1:05-CV-47 (WLS) |
| JO ANN B. BARNHART, Commissioner of SOCIAL SECURITY | : |
| Defendant. | : |

**O R D E R**

Plaintiff/Claimant, a *pro se* State of Georgia Inmate, presently incarcerated at Autry State Prison in Pelham, Georgia currently has four motions pending in this appeal of the denial of Social Security Disability benefits which will be addressed herein although not in the order of filing.

*Document 23 - Motion for Request of Jury Trial - filed September 7, 2006*

Technically, the court should not even consider this motion for want of a certificate of service as required by Federal Rule of Civil Procedure 5(d). The court notes however that as a general rule, plaintiff's other filings have been accompanied by the required certificate. The court will assume that the plaintiff simply forgot on this occasion that every document he files with the court must be accompanied by a certificate showing service upon the counsel of opposing party.

This action in this court is an appeal of an adverse or unfavorable decision regarding plaintiff/claimant's eligibility for SSI or disability benefits made by the Commissioner of Social

1

Security.  As such, it is the role of the court to decide only whether the adverse decision rendered by the Administrative Law Judge is supported by substantial evidence.  When it is appropriate to consider this matter on the merits the undersigned will, after consideration of the briefs of the parties and the record, recommend to the United States District Judge to whom this matter has been assigned to either affirm the decision of the Commissioner or reverse the decision and remand the matter for further consideration.  There being no provision for a jury trial in this matter plaintiff/claimant's motion for same is **DENIED.**

*Document 24 - Motion to Withdraw Previously Filed Motion - filed September 12, 2006*

Plaintiff/claimant presently has pending at documents 21 and 22 two motions seeking the appointment of counsel filed on August 28 and September 7, 2006 respectively.  In the instant motion plaintiff seeks to withdraw the first motion alleging it to be incomplete and to replace the withdrawn motion with the motion at document 22 which is accompanied by his brief in support of the motion and his affidavit.  The motion to withdraw is therefore **GRANTED.**

*Document 22 - Motion for Appointment of Counsel - filed September 7, 2006*

Generally speaking, no right to counsel exists in civil actions in Federal court.  Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); Mekdeci v. Merrel Nat'l. Lab., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).  Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff/claimant's claim and the complexity of the issues presented. See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989).  Applying the standards set

forth in Holt, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff/claimant.  Thus far, he has clearly set forth his claims.  In fact, review of plaintiffs/claimant's filings show him quite able to represent himself in this matter.  The court on its own motion will consider assisting plaintiff/claimant in securing legal counsel if and when it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, plaintiff/claimant's motion for appointment of counsel is **DENIED** at this time.

**SO ORDERED**, this 13th day of September 2006.

>  */s/ Richard L. Hodge*
>  RICHARD L. HODGE
>  UNITED STATES MAGISTRATE JUDGE